Mr. Chief Justice Johnson delivered the opinion of the Court. The record in this case raises but two questions for our examination and decision. The first relates to the admissibility, and the second to the legal .effect of the justice’s transcript. It is contended, by the appellants, that the transcript of the justice was improperly admitted in evidence on account of its failure to show the fact that the account was filed before the issuance of the writ, and also for the omission to incorporate the affidavit and writ of attachment which are stated by the justice to have been filed in his office. The point, then, to be determined is, whether the transcript discloses jurisdiction in the justice, because, if it does not, it is simply void, but if, on the contrary, he acted within the pale of his jurisdiction and in the mode prescribed for its exercise, it is a valid proceeding, and consequently was properly received in evidence. The justice recites that, on the 7th April, 1846, he filed the account of the plaintiff against the defendant, Barsto, and also that, on the same day, he filed the plaintiff’s affidavit, according to the statute in such cases made and provided, and stating that said Barsto was justly indebted to him in the sum of seventy-five dollars, which was then due, and that said Barsto was about to remove his effects out of the State, and that unless an attachment should be issued there was reason to believe that said debt would be lost or greatly delayed; and that, upon the same day, he issued an attachment directed to the constable, returnable on the 14th of April, 184S> and that, on said day, the said writ was returned levied by the constable on certain property in said return specified. The recital is, that he issued the writ on the same day that he filed the account, but he does not expressly aver that the account was filed before the issuance of the writ. In cases where it is lawful to indulge presumptions, it would necessarily be inferred that the filing of the account took place anterior to the issuance of the writ, as the law in such cases will never condescend to notice the fractions of a day. In this matter, however, we are not permitted to indulge the least presumption in favor of the jurisdiction, and the filing of the account being, under the authorities, a jurisdictional fact, it is clear that, unless it affirmatively appears, the legal presumption is that it does not exist. (See Everett vs. Clements & Thompson, 4 Eng. 481, and the cases there cited.) This objection, therefore, is well taken. The affidavit is substantially set out in the transcript. This being a prerequisite, under the law, to the issuance of the writ of attachment, it was necessary that a literal copy should have been exhibited, in order that the Circuit Court might, upon inspection, have determined whether it contained all the legal requisites to authorize the issuance of the writ. A copy of the bond and writ were also equally essential, so as to show that the justice had acted, throughout the proceeding, in the mode and manner prescribed by the statute. Any defect, either in the affidavit or the bond, would have been matter in abatement, and both being necessary to authorize and to call into action the constitutional jurisdiction of the justice, it is necessary that they should both appear affirmatively, and, in their absence, no intendment can be indulged in favor of their existence. We think, therefore, that, upon these latter grounds, the objection is equally well taken. This settles the question of admissibility. The next question relates to the legal effect of the transcript, upon the supposition that it could be properly used as evidence in the cause. The defendants in the Court below filed two pleas in bar, the first denying that the plaintiff had recovered a judgment against the said H. N. Barsto in his lifetime, or against his administrator or legal representative, since his death; and, second, that there was not any record of the supposed recovery in the declaration mentioned, remaining in the said justice’s court. Upon each of these pleas issues were taken. Had the transcript contained all the facts necessary to show jurisdiction, there can be no doubt but that it would have been all sufficient for the purposes of the last issue, as it exhibited a judgment precisely identical with the one described in the declaration. But the result would have been entirely different in regard to the issue upon the first plea. The plea denies that any recovery had been obtained either against Barsto in his lifetime, or against his administrator, or legal representative, since his death. The judgment recited in the transcript does not purport to be against Ashley in his representative character, but simply and solely as an individual. Such being the character of the recovery, it most unquestionably could not have sustained the issue taken upon the first plea. The judgment of the Circuit Court of Ouachita county is, therefore, reversed, and the cause remanded, with instructions to permit both parties to amend their pleadings, and procure additional evidence if they desire to do so.